FILED

2005 Feb-22  AM 11:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| KURT TAYLOR, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 04-B-0240-NE |
| | ) |
| WARDEN STEPHEN BULLARD; ATTORNEY | ) |
| GENERAL FOR THE STATE OF ALABAMA, | ) |
| | ) |
| Respondents. | ) |

**<u>MEMORANDUM OF OPINION</u>**

On January 5, 2005  the magistrate judge's findings and recommendation was entered and the parties were allowed therein fifteen (15) days in which to file objections to the recommendation made by the magistrate judge.  On February 14, 2005 petitioner filed objections to the magistrate judge's findings and recommendation.

In his objections, petitioner argues that he is entitled to equitable tolling because he never received the state's response or the trial court's June 28, 2001 order denying his Rule 32 petition because he was transferred from the Madison County Jail to the Alabama Department of Corrections about June 10, 2001, approximately a month after filing his May 21, 2001 Rule 32 petition.  He states that both the response and the order denying the petition were sent to the Madison County Jail rather than the Department of Corrections.   He also states that he inquired of the Circuit Court Clerk about the status of his petition on at least three occasions but never received a response.

These facts do not justify an equitable tolling because petitioner has not shown that he untimely filed because of extraordinary circumstances that were both beyond his control and unavoidable even

with diligence.  Specifically, petitioner does not state that he ever notified the court and/or state of his new address in the Department of Corrections. [1]

Petitioner also has not met his burden of showing actual innocence merely by referring to his claims and stating that because he entered into a plea agreement for 10 years he is actually innocent of the 15 year sentence imposed.

Petitioner's objections are due to be overruled.  A separate final judgment consistent with this Memorandum of Opinion will be entered simultaneously herewith.

**DONE** this 22nd day of February, 2005.

*Sharon Lovelace Blackburn*
_____
SHARON  LOVELACE  BLACKBURN
UNITED STATES DISTRICT JUDGE

---

[1]      Further, he does not state when or by what means he first contacted the clerk to inquire of the status of his petition.